**McManus, Collura & Richter, P.C.**
Attorneys at Law
Forty-Eight Wall Street
New York, New York 10005
(212) 425-3100
Fax (212) 425-3175

John A. McManus
Anthony M. Collura
Anne Patrice Richter*
———
Nicholas P. Chrysanthem
Of Counsel

Ann Marie Forte+
Christopher D. Skoczen
Bradley E. Dubin
Stephen L. Geller
Lisbeth Grisales
*Also admitted in Conn.
+Also admitted in N.J.

**Via Electronic Filing and Federal Express**

August 8, 2006

United States District Court
Eastern District of New York
225 Cadman Plaza East
Room 1214S
Brooklyn, New York 11201

Attention:     Honorable Marilyn Dolan Go

Re:     *Taiquana Mungo v. First Preston Management, Inc. and Asset Management Specialists, Inc.*
Index No.:   Docket No.:  06 CV 3120

Honorable Madam:

Our office represents defendant First Preston Management, Inc. ("First Preston") in the above referenced matter. Pursuant to our initial conference before Your Honor on August 3, 2006 (the "conference"), kindly allow this correspondence to serve as a formal application for an order directing the Supreme Court of the State of New York, County of Kings ("Kings County Supreme Court"), to unseal the criminal court file of *People of the State of New York v. Kelvin Hercules and Suliikhann Rowe*, docket number 03612-2003 (the "criminal matter").[1]

**A.     Nature of this Federal Action and the Criminal Matter**

This matter arises out of the alleged physical and sexual assault of plaintiff, Taiquana Mungo, by four men in the premises located at 1268 Blake Avenue, Brooklyn, New York ("subject premises") on May 14, 2003. The subject premises was owned by the United States Department of Housing and Urban Development ("HUD"). First Preston contracted with HUD to manage the subject premises. In turn, First Preston subcontracted the management work to Asset

---

[1] Your Honor advised at the conference that defendant may first seek leave of this Court prior to applying to the Kings County Supreme Court, and this letter application was appropriate.

Management Specialists, Inc. ("Asset Management"). Plaintiff commenced suit against First Preston and Asset Management alleging negligence.[2]

Upon information and belief, two of the four men accused of the alleged assault, Kelvin Hercules ("Mr. Hercules") and Suliikhann Rowe ("Mr. Rowe"), plead guilty to a felony in the criminal matter. Upon information and belief, Mr. Hercules and Mr. Rowe are awaiting sentencing before the Kings County Supreme Court. The files in the criminal matter have been sealed.

B.  **The Criminal Matter Files Are Relevant and Plaintiff Has Waived Her Right to Object to the Disclosure of Such Information**

The criminal matter files are relevant and highly material to the issues in this action and the potential third-party action against Mr. Hercules and Mr. Rowe, including the nature of the incident, statements of plaintiff, Mr. Hercules and Mr. Rowe regarding the incident and the official investigation conducted regarding the incident and entry into the subject premises.

Further, at the conference, plaintiff did not object to the relevancy or disclosure of such information. In fact, any objection by plaintiff would be baseless. Plaintiff has implicitly waived any right to object to the disclosure of such information by filing the instant lawsuit. *See Lehman v. Kornblau*, 206 F.R.D. 345 (E.D.N.Y 2001) (*citing Green v. Montgomery*, 219 F.3d 52 (2d Cir. 2000) relying upon *Kalogris v. Roberts*, 185 A.D.2d 335, 586 N.Y.S.2d 806 (1992); *Taylor v. New York City Transit Auth.*, 131 A.D.2d 460, 516 N.Y.S.2d 237 (1987)) (records sealed under C.P.L. §160.50 can be unsealed as New York cases are clear that a party otherwise protected by a §160.50 sealing of records can waive that protection by commencing a civil action and placing protected information in issue); *People v. Cruz*, 1 Misc. 3d 908(A), 2004 WL 190067 (Sup Ct. Bronx Cty. 2004) (*citing Gebbie v. Gertz*, 94 A.D.2d 165, 463 N.Y.S.2d 482 (2d Dep't 1983) relying upon *Koump v. Smith*, 25 N.Y.2d 287, 303 N.Y.S.2d 858, 250 N.E.2d 857 (1969)) (party waived objections to unsealing criminal files by filing a federal civil suit arising out of same matter. The privilege cannot be used as a sword rather than a shield. Any other result would place the other party in an impossible, intolerable, unjust and non-defensible position).

C.  **It is Respectfully Submitted that this Federal Court Should Unseal the Criminal Matter Files**

Initially, it should be emphasized that New York State law does not govern discoverability and confidentiality in federal actions. *Fountain v. City of New York*, 2004 WL 941242 *5 (S.D.N.Y 2004) (*citing Woodward v. City of New York*, 2000 WL 516890 *3 (E.D.N.Y. 2000); *Cruz v. Kennedy*, 1997 WL 839483 *1 (S.D.N.Y. 1997); (*King v. Conde*, 121 F.R.D. 180 (E.D.N.Y. 1988)). Privilege questions in federal cases are governed by federal law. *Woodward v. City of New York*, 2000 WL 516890 at *3. Federal discovery rules are more liberal than those provided under New York State law. *Cruz v. Kennedy*, 1997 WL 839483 at *1 (citing *King v. Conde*, 121 F.R.D. at 187). Although in the spirit of comity, federal courts should consider state privacy rules in resolving discovery issues, this rule should never be permitted to frustrate the important

---

[2] Plaintiff has discontinued her direct claims against Asset Management since they are barred by the applicable statute of limitations. First Preston intends to implead Asset Management back into this action as a third-party defendant based upon a theory of contribution and/or contractual indemnification.

federal interest in broad discovery and truth seeking and the interest in vindicating important federal substantive policy. *Cruz v. Kennedy*, 1997 WL 839483 at *1 (*citing King v. Conde*, 121 F.R.D. at 187; *U.S. v. Proctor & Gamble Co.*, 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); *Gary Plastic Packaging Corp. v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 756 F.2d 230 (2d Cir. 1985); *Unger v. Cohen*, 125 F.R.D. 67 (S.D.N.Y. 1989)). The overriding policy in federal cases is one of disclosure of relevant information in the interest of promoting the search for truth. *Cruz v. Kennedy*, 1997 WL 839483 at *1 (*citing King v. Conde*, 121 F.R.D. at 187).

Accordingly, based upon the foregoing, numerous cases have held that a federal district court has the authority to issue an order compelling the production of files in the custody of the district attorney and sealed pursuant to C.P.L. §160.50. *Fountain v. City of New York*, 2004 WL 941242 at *6 (*citing Kymissis v. Rozzi*, 1994 WL 376048 *1-2 (S.D.N.Y. 1994); *Cruz v. Kennedy*, 1997 WL 839483 at *2). *See also Woodard v. City of New York*, 2000 WL 516890 (E.D.N.Y. 2000) (*citing Kymissis v. Rozzi*, 1994 WL 376048 *1-2; *Cruz v. Kennedy*, 1997 WL 839483 at *1-2; *King v. Conde*, 121 F.R.D. at 189) (district courts presented with the issue of unsealing files have concluded that it is within their power to issue an order compelling production of files in the custody of the district attorney and sealed pursuant to C.P.L. §160.50).[3]

Thank you for your consideration. If you have any questions, I remain available at the Court's convenience.

Respectfully submitted,

Bradley E. Dubin (BD0217)
BED/pm

cc: Talkin, Muccigrosso & Robert, LLP
Attorneys for Plaintiff
40 Exchange Place - 18th Floor
New York, New York 10005

Bartlett, McDonough, Bastone & Monaghan, LLP
Attorneys for Defendant
Asset Management Specialists, Inc.
300 Old Country Road
Mineola, New York

---

[3] Defendant acknowledges that there is some authority for the proposition that the procedure to be followed in unsealing criminal records pursuant to C.P.L. §160.50 in the context of discovery in a federal civil action is to first apply to the state court to unseal the records, or subpoena the district attorney. However, in the interest of efficiency and based upon the foregoing legal precedent, it is respectfully submitted that defendant is entitled to such discovery and this Court should compel the unsealing of such information. Further, as directed by Your Honor, defendants were advised to first seek leave from this Court.