UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

TAIQUANA MUNGO,

                Plaintiff,

     - against -

FIRST PRESTON MANAGEMENT, INC., et ano,

                Defendant.

- - - - - - - - - - - - - - - - - - -X

ORDER

CV 2006-3120 (ENV)(MDG)

    By letter motion filed by First Preston Management, Inc., and later joined by Asset Management Specialists, Inc., defendants seek an order directing the Supreme Court of the State of New York, County of Kings to unseal the criminal court files in the matter entitled People of the State of New York v. Kelvin Hercules and Sulikhann Rowe, Dkt No. 03612-2003.  Defendants seek these state criminal files because they concern the two men accused of participating in the assault of plaintiff which underlies the claims in this action.  After the two defendants in the state case pled guilty, their criminal files were ordered sealed.

    As defendants correctly note, the sealed records may be relevant to the claims in this action.  However, as I indicated at the initial conference, I follow the general rule that, as a matter of comity, federal courts should defer to state courts in determining whether to unseal state criminal records.  After further review of relevant cases, including those cited by First Preston, I still agree with the "consensus ... that a plaintiff

can either apply to the state court to unseal the records, or can subpoena the District Attorney, or seek discovery if the District Attorney is a party to the proceeding." Lehman v. Kornblau, 206 F.R.D. 345, 347 (E.D.N.Y. 2001) (citing cases); see also Fountain v. City of New York, No. 03 Cuv, 4526, 2004 WL 941242, *5-6 (S.D.N.Y. May 3, 2004).

Moreover, although federal law generally governs the determination of "discoverability and confidentiality in federal civil rights actions," Woodard v. City of New York, No. 99 CV 1123, 2000 WL 516890, at *3 (E.D.N.Y. Mar. 10, 2000) (quoting Cruz v. Kennedy, 97 Civ. 4001, 1997 WL 839483, at *1 (S.D.N.Y. Dec. 19, 1997)), this is a diversity action brought under state law. There is a less compelling federal interest here to encroach on state interests in the first instance. Cf. King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) ("a strong policy of comity between state and federal sovereignty impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy").

For the foregoing reasons, the motion is denied.

**SO ORDERED.**

Dated:   Brooklyn, New York
         September 5, 2006

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE