UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

TAIQUANA MUNGO,

                Plaintiff,

                              ORDER

      - against -              CV 2006-3120 (ENV)(MDG)

FIRST PRESTON MANAGEMENT, INC.,
et ano,

                Defendants.

- - - - - - - - - - - - - - - - - - - X

    Plaintiff brings this personal injury action seeking to recover damages for injuries sustained when she was allegedly sexually assaulted by four individuals who forced plaintiff into a building managed by defendants First Preston Management, Inc. ("First Preston") and/or Asset Management Specialists, Inc. ("Asset Management"). After plaintiff stipulated to dismissal of claims against Asset Management, First Preston filed a third-party complaint against Asset Management. By letter application filed on February 6, 2007, Asset Management now seeks leave to file a fourth-party complaint to assert claims against Kelvin Hercules and Suliikhann Rowe, the two individuals who were convicted on criminal charges based on the assault.[1]

---

    [1] Since courts in the Second Circuit recognize that magistrate judges have authority pursuant to 28 U.S.C. § 636(b)(1)(A) to decide motions to amend and the relief defendant seeks is comparable to the relief sought in a motion for leave to amend, this is a matter that I may determine. See
(continued...)

**DISCUSSION**

Rule 14(a) of the Federal Rules of Civil Procedure provides that a party may implead a person not a party to the action "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a). Leave of the court must be obtained if more than 10 days have elapsed since the third-party plaintiff filed his answer, as in the current case. Id. The decision to permit a defending party to implead a third-party defendant rests in the trial court's discretion. Kenneth Leventhal & Co. v. Joyner Wholesale Co., 736 F.2d 29, 31 (2d Cir. 1984).

Rule 14(a) "'was designed to permit the liberal joinder of parties so that judicial energy could be conserved and

---

(...continued)
Kilcullen v. New York State Dept. of Transp., 55 Fed.Appx. 583, 584, 2003 WL 151251, at *2 (2d Cir. 2003) (referring to motion to amend as a non-dispositive matter that may be referred to a magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(A)); Marsh v. Sheriff of Cayuga County, 36 Fed.Appx. 10, 2002 WL 1159631 (2d Cir. 2002) (holding "that the magistrate judge acted within his authority in denying this motion to amend the complaint") (citing Maurice v. State Farm Mut. Auto. Ins. Co., 235 F.3d 7, 9 n. 2 (1st Cir. 2000)); Wingerter v. Chester Quarry Co., 185 F.3d 657, 660 (7th Cir. 1999) (per curiam); U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099 (9th Cir. 1985); see also Johnson v. Doe, 33 Fed.Appx. 584, 2002 WL 730849 (2d Cir. 2002) (reviewed magistrate judge's order on motion to amend without questioning the magistrate judge's authority); Northern Assurance Co. of America v. Square D. Co., 201 F.3d 201 (2d Cir. 2000) (same). Thus, Fed. R. Civ. P. 72(a) governs any objections to this order. See Lyondell-Citgo Refining, LP V. Petroleos De Venezuela, S.A., No. 02 Civ. 0795 (CBM), 2005 WL 883485 (S.D.N.Y. April 14, 2005) (noting agreement with "the weight of authority in this Circuit applying a clearly erroneous standard of review to a magistrate's ruling on a party's motion to amend a pleading").

consistency of results guaranteed.'" State of New York v. Solvent Chemical Co., Inc., 875 F.Supp. 1015, 1021 (W.D.N.Y. 1995) (quoting Olympic Corp. v. Societe Generale, 462 F.2d 376, 379 (2d Cir. 1972)); Shafarman v. Ryder Truck Rental, Inc., 100 F.R.D. 454, 458-59 (S.D.N.Y. 1984) (impleader promotes judicial efficiency by permitting the adjudication of several claims in a single action and thus eliminate "circuitous, duplicative actions"); see also Dery v. Wyer, 265 F.2d 804 (2d Cir. 1959). Generally, motions for leave to implead third parties should be freely granted "unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." Shafarman, 100 F.R.D. at 459. In addition, courts may consider whether the movant deliberately delayed or was derelict in filing the motion. Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 240 (S.D.N.Y. 2004).

In opposing the application, plaintiff argues that she has been prejudiced by the undue delay of Asset Management in making this application. Plaintiff points to the fact that the two proposed defendants were identified in the automatic disclosures made by First Preston in March 22, 2006 and failed to seek leave within the deadline set by this Court.[2] However, as the parties

---

[2] Since this action was not removed to this Court until June 23, 2006, this Court assumes the disclosures were made in the first action brought by plaintiff against the same two defendants and the U.S. Department of Housing and Urban Development ("HUD"). See CV 05-4781. Judge Vitaliano dismissed the claims against HUD for lack of subject matter jurisdiction and declined to exercise
(continued...)

agreed at the initial conference on August 3, 2007, it made sense to obtain the criminal court files of the proposed new defendants before conducting depositions. After those records were ordered unsealed by Judge D'Emic on December 6, 2006, I extended the time of the parties to seek leave to amend and/or join new parties to January 15, 2007.

Although Asset Management should have abided by that deadline or sought an extension, I do not find that it deliberately delayed filing the instant application given its counsel's admission that counsel erred in scheduling. While such error should not be repeated, a three week delay does not amount to dereliction. As the Second Circuit has repeatedly noted, "[m]ere delay . . . absent a showing of bad faith or undue prejudice" is not a basis for denying the right to amend. See State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981); see also Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234-35 (2d Cir. 1995).

Moreover, there is no prejudice. This case was removed from state court less than a year ago and depositions have not yet begun. The additional delay of a few months which would result from awaiting service and appearance of the proposed fourth party defendants is not significant. However, as this Court warned Asset Management at the last conference, it will be expected to

---

[2](...continued)
supplemental jurisdiction over the remaining claims.

proceed expeditiously in effectuating service and conducting discovery so that no further delay will occur.

## CONCLUSION

For the foregoing reasons, the motion of Asset Management for leave to file a fourth party complaint is granted. The complaint should be filed by April 11, 2007 and service completed by May 4, 2007.

**SO ORDERED.**

Dated: Brooklyn, New York
April 6, 2007

/s/
MARILYN D.GO
UNITED STATES MAGISTRATE JUDGE